UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
COOKEVILLE DIVISION

CHARLES D. JOHNSON )
#287181, )
 )
    Petitioner, )
 ) NO. 2:19-cv-00012
v. )
 )
WARDEN RANDY LEE, )
 )
    Respondent )

## MEMORANDUM OPINION

The *pro se* Petitioner is a state inmate serving an effective prison sentence of life without possibility of parole plus 25 years for first-degree felony murder and especially aggravated robbery. (Doc. No. 17-1 at 27–28.) He seeks a federal writ of habeas corpus.[1] (Doc. No. 1.)

Respondent moves to dismiss the petition on the basis that it is untimely. (Doc. No. 18.) For the reasons explained below, the Court will grant Respondent's motion and dismiss the petition.

---

[1] The Court observes that Petitioner purports to seek relief pursuant to 28 U.S.C. § 2241, which provides generally for writs of habeas corpus. (Doc. No. 1 at 1.) But "Section 2241 petitions are 'generally reserved for complaints about the nature of a prisoner's confinement, not the fact of his confinement.'" Akothe v. Bear, 736 F. App'x 207, 208 (10th Cir. 2018), cert. denied, 139 S. Ct. 1559 (2019) (quoting Prost v. Anderson, 636 F.3d 578, 581 (10th Cir. 2011)). Petitioner's attack on the validity of his incarceration is more properly considered under 28 U.S.C. § 2254, which provides for writs of habeas corpus on behalf of inmates in custody pursuant to a state court judgment in violation of the constitution or other federal law. In fact, Section 2254 may be "the exclusive vehicle for a habeas petition by a state prisoner in custody pursuant to a state court judgment." Dominguez v. Kernan, 906 F.3d 1127, 1135 (9th Cir. 2018) (quoting White v. Lambert, 370 F.3d 1002, 1009–10 (9th Cir. 2004)). Regardless of whether the petition is filed pursuant Section 2241 or 2254, however, it is clearly subject to the limitations period applicable to any "application for writ of habeas corpus by a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2244(d)(1). Because the limitations period is dispositive in this case, it is unnecessary to reach a conclusion about whether Petitioner properly invokes Section 2241.

## I. BACKGROUND AND PROCEDURAL HISTORY

Petitioner pleaded guilty on February 17, 1998, to first-degree felony murder and especially aggravated robbery. (Doc. No. 1 at 1; Doc. No. 17-1 at 27–28.) He was sentenced to life without parole and twenty-five years, to be served consecutively. (Id.) Judgment on the convictions entered on February 17 and February 18, 1998. (Doc. No. 17-1 at 27–28.) Petitioner did not file a direct appeal or a post-conviction petition. More than nine years later, on July 10, 2007, he filed a state petition for writ of habeas corpus, which was denied on August 14, 2007. (Doc. No. 17-1 at 3, 48.) The dismissal was affirmed by the Tennessee Court of Criminal Appeals, and the Tennessee Supreme Court denied review on August 25, 2008. (Doc. No. 17-5.) In his appellate brief in that case, Petitioner claimed to have filed and nonsuited a previous state habeas petition, but Respondent has not filed records pertaining to that filing, and Petitioner does not assert the dates of filing or dismissal. (Doc. No. 17-2 at 6.) Nevertheless, the Tennessee Court of Criminal Appeals indicated that the 2008 appeal was from Petitioner's "second *pro se* petition for habeas corpus relief." Johnson v. State, No. E2007-02018-CCA-R3-HC, 2008 WL 1875166, at *1 (Tenn. Crim. App. Apr. 28, 2008).

Petitioner filed another state petition for writ of habeas corpus on May 6, 2016. (Doc. No. 17-6 at 3.) That petition was also dismissed (Doc. No. 17-6 at 27), and the Tennessee Court of Criminal Appeals again affirmed on June 1, 2018. (Doc. No. 17-9.) In the course of that appeal, the State acknowledged that Petitioner had filed two previous state petitions for habeas corpus relief. (Doc. No. 17-8 at 7.) Likewise, the state court indicated that the appeal before it arose "from Petitioner's third petition for habeas corpus relief." (Doc. No. 17-9 at 2.)

## II.     ISSUE PRESENTED FOR REVIEW

Petitioner presents a single claim for relief: "Petitioner was never indicted by the State of Tennessee prior to his plea," in violation of the Fifth Amendment to the United States Constitution. (Doc. No. 1 at 1–2.)  He asserts that the State has not been able to produce his indictment or otherwise "presented any facts" establishing that Petitioner "is in custody pursuant to such indictment, presentment or criminal information." (Id. at 3.)

## III.     RESPONDENT'S MOTION AND ANALYSIS

Respondent asserts that Petitioner's habeas corpus petition is barred by the applicable statute of limitations. (Doc. No. 19.)  The Antiterrorism and Effective Death Penalty Act (AEDPA) imposes a one-year limitations period for habeas petitions brought by prisoners challenging state-court convictions. 28 U.S.C. § 2244(d).  Under this provision, the limitations period runs from the latest of four enumerated events:

> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Id. § 2244(d)(1). Although the running of the period is tolled while any "properly filed" collateral review petition is pending in state court, id., § 2244(d)(2), the AEDPA tolling provision does not "revive" an already expired limitations period (i.e., restart the clock); it can only serve to pause a clock that has not yet fully run. Payton v. Brigano, 256 F.3d 405, 408 (6th Cir. 2001).  After the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations bar. Id.; McClendon v. Sherman, 329 F.3d 490, 493 (6th Cir. 2003).

Petitioner's convictions became final on March 20, 1998, upon the expiration of the period within which he could have filed an appeal from the February 18 judgments. See Tenn. R. App. P. 4(a) ("In an appeal as of right . . . the notice of appeal required by Rule 3 shall be filed with the clerk of the appellate court within 30 days after the date of entry of the judgment appealed from[.]"). Respondent asserts that Petitioner's expiration period expired on March 22, 1999, the first Monday following the 365th day after his judgments became final. (Doc. No. 19 at 3.)

Respondent would be correct *IF* the record established that Petitioner did nothing during the course of that first year after his judgments became final to toll the running of the limitations period. However, that is not at all clear from the record. As the Court observes above, at various times in the history of Petitioner's litigation, he, the State, and the Tennessee Court of Criminal Appeals have all acknowledged that Petitioner filed a state habeas petition at some point before the one he filed July 10, 2007. In his memorandum in support of his pending motion, however, Respondent completely ignores the issue of the first state habeas petition. He has not filed any records pertaining directly to that petition, nor has he refuted that it was filed. Based on the record before this Court, all that can be known about that first collateral action is that it was filed on an unknown date and was pending for an unknown period of time before July 10, 2007. Petitioner's first state appellate brief indicated that the petition was pending long enough for counsel to be appointed and to arrive at a hearing date (Doc. No. 17-2 at 6), so that period might have been quite lengthy. For all the Court knows, the petition could have been filed March 22, 1999, and been dismissed July 9, 2007, tolling the AEDPA limitations period for that entire time. Accordingly, the Court cannot agree with Respondent's unfounded assertion that Petitioner's limitations period expired on March 22, 1999.

Nevertheless, the record establishes that Petitioner's limitations period has indeed expired. The Tennessee Supreme Court denied review of the dismissal of his second state habeas petition on August 25, 2008. Even if the limitations period was completely tolled up until the date of that denial, the full year thereafter expired without Petitioner's filing his Section 2254 petition or taking any other action to toll the limitations period. As explained above, Petitioner's subsequent filing of a third state habeas petition did not revive his already-expired limitations period. Payton, 256 F.3d at 408. Thus, the Court concludes that Petitioner's AEDPA limitations period expired no later than August 25, 2009.

AEDPA's one-year statute of limitations may be subject to equitable tolling under appropriate circumstances, allowing courts to review otherwise time-barred habeas petitions where the failure to file in a timely fashion "unavoidably arose from circumstances beyond that litigant's control." Keeling v. Warden, Lebanon Corr. Inst., 673 F.3d 452, 461 (6th Cir. 2012); accord Holland v. Florida, 460 U.S. 631, 645 (2010). To be entitled to equitable tolling, a petitioner must show: "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." Lawrence v. Florida, 549 U.S. 327, 336 (2007) (citation and internal quotation marks omitted). This is a fact-intensive inquiry to be evaluated on a case-by-case basis, and Petitioner carries "the ultimate burden of persuading the court that he or she is entitled to equitable tolling." Keeling, 673 F.3d at 462.

Petitioner has not carried this burden in either his petition or his response to Respondent's motion. In fact, Petitioner does not respond at all to Respondent's statute-of-limitation defense except to say that it would leave him "with no source of judicial redress." (Doc. No. 23 at 4.) That is often the result of application of a statute of limitations and is no excuse for failing to file a timely petition: "it can be assumed that all habeas petitioners would prefer not to see their petitions

dismissed on statute of limitations grounds and would instead prefer that the court reach the merits, but that is not enough to excuse untimely filings." Ford v. Pliler, 590 F.3d 782, 788 (9th Cir. 2009). Accordingly, Petitioner's untimely petition must be dismissed.

## IV.     ALTERNATIVE FINDING OF WAIVER

Alternatively, it is equally clear that Petitioner waived any challenge with regard to his indictment by pleading guilty to the crimes for which he is convicted.  "A valid guilty plea waives all non-jurisdictional defects in the defendant's indictment." United States v. Ball, No. 93-3743, 12 F.3d 214 (Table), 1993 WL 524240, at *1 (6th Cir. Dec. 15, 1993) (citing Tollett v. Henderson, 411 U.S. 258, 267 (1973)).  The Supreme Court has ruled that

> a guilty plea represents a break in the chain of events which has preceded it in the criminal process. When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea. He may only attack the voluntary and intelligent character of the guilty plea by showing that the advice he received from counsel was not within the standards [applicable to ineffective-assistance claims].

Tollett, 411 U.S. at 267.

Petitioner does not challenge the validity of his plea or the jurisdiction of the trial court. He simply alleges that he was never indicted for the offenses to which he pleaded guilty.  But even if that were true,[2] the alleged lack of indictment is one of the claims that is waived by pleading guilty. United States v. Daughenbaugh, 549 F.3d 1010, 1012 (5th Cir. 2008) ("Daughenbaugh asserts that because he had not been indicted and did not knowingly and voluntarily waive his right to grand jury indictment, the district court plainly erred in accepting his guilty plea. This argument,

---

[2] Respondent acknowledges that Petitioner's indictment(s) cannot be located. (Doc. No. 22 at 1.) However, the references to specific counts and a superseding indictment in Petitioner's plea petition and judgments strongly indicate that he was, in fact, indicted. (Doc. Nos. 22-1 to 22-3.) Moreover, by signing the plea petition, Petitioner acknowledged "[h]aving received a copy of the indictment and discussed it with [his] attorney." (Doc. No. 22-1.)

however, is waived."). Accordingly, Petitioner's only claim would be deemed waived even if it were timely.

## V. PENDING MOTIONS

Petitioner has filed a motion to amend his petition (Doc. No. 20), a motion to compel Respondent to file a copy of his indictment or give notice that no indictment exists (Doc. No. 21), and a motion to appoint counsel (Doc. No. 24).

Petitioner's motion to amend his petition simply adds to his arguments in support of his original claim and does not raise any facts or arguments material for the bases on which the Court is dismissing this proceeding. Accordingly, that motion will be denied as futile. See Brown v. Bradley, No. 18-3768, 2018 WL 7316267, at *3 (6th Cir. Nov. 27, 2018) (finding district court properly denied motion to amend habeas petition as futile when claims were procedurally defaulted).

Petitioner's motion to require Respondent to file a copy of his charging document or give notice that no such document exists will be denied as moot in light of Respondent's acknowledgment that state court officials are "unable to locate the indictment from Petitioner's case." (Doc. No. 22 at 1.)

Likewise, Petitioner's motion to appoint counsel will also be denied. By statute, counsel "may" be appointed in habeas proceedings "[w]henever the United States magistrate judge or the court determines that the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B). As indicated by the permissive language of the statute, appointment of counsel in a non-capital habeas case is generally discretionary with the district court. Mira v. Marshall, 806 F.2d 636, 638 (6th Cir. 1986). There is no constitutional right to counsel in a habeas proceeding. Post v. Bradshaw, 422 F.3d 419, 423 n.1 (6th Cir. 2005). The disposition of this case did not involve any complexities or

extraordinary circumstances requiring appointment of counsel, and it is being dismissed for straight-forward reasons that no amount of legal assistance could remedy. Accordingly, the motion will be denied.

## VI. CONCLUSION

For the foregoing reasons, it is apparent that Petitioner is not entitled to relief on his petition or any of his pending motions. Respondent's motion to dismiss will be granted, and this action will be dismissed.

An appropriate Order shall enter.

_____
WAVERLY D. CRENSHAW, JR.
CHIEF UNITED STATES DISTRICT JUDGE